## JIM HEAVRIN v. THE STATE.

No. 7069. Decided June 21, 1922.

Rehearing Denied November 8, 1922.

**1.—Murder—Evidence—Bill of Exception—Practice on Appeal.**

Where defendant's bill of exceptions to certain testimony was refused, because of the fact that no such transaction occurred and no such testimony was given, there was no reversible error.

**2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

In the absence of facts set forth in the bill of exceptions, such as would let the court know the surroundings or connection in which the alleged testimony was offered and admitted by the court, the same cannot be considered on appeal; because, the bill of exceptions only raised the ground of exception, without being verified.

**3.—Same—Bill of Exceptions—Practice in Trial Court.**

Where there was a contest over the fact as to whether deceased was cut at a certain spot or in the house, there was no error in admitting the testimony of the physician to the effect that one injured, as was the deceased, would have shed more blood than was found at said certain spot.

**4.—Same—Evidence—Circumstantial Evidene.**

Upon trial of murder there was no error in admitting testimony regarding the removal of certain bed clothing and pillows from the room in which the cutting occurred, and that they were saturated with blood, and as to the physical condition of the deceased at the time.

**5.—Same—Evidence—Cross-Examination—Limiting Testimony.**

There was no valid objection to the cross-examination, with reference to certain contradictions of the witness's testimony, and the fact that it was made out of the presence and hearing of the defendant was not essential, the testimony being properly limited by the court's charge.

**6.—Same—Bill of Exceptions—Argument of Counsel.**

Where the trial court refused a certain bill of exceptions, to the argument of State's counsel, and prepared one himself, and no injury is disclosed, there was no reversible error.

**7.—Same—Requested Charge—Defendant's Standpoint.**

Where the requested charge was substantially covered by the court's main charge with reference to defendant's standpoint in the charge of self-defense, there was no reversible error.

**8.—Same—Charge of Court—Limiting Testimony.**

Where the court's charge on limiting certain testimony was in the usual and proper form, there was no reversible error.

**9.—Same—Rehearing—Charge of Court—Right to Arm—Self-defense.**

This court has uniformly held that no necessity arises for a charge on the right of the accused to arm himself, where no restriction is placed on defendant's right of self-defense, there was no error in refusing the requested charge.

Appeal from the District Court of Titus. Tried below before the Hon. R. T. Wilkinson.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

*Wilkinson & Cook,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Titus County of the offense of murder, and his punishment fixed at fifteen years in the penitentiary.

Appellant's bill of exception No. 1 taken to certain testimony supposed to have been given by a Mrs. Hicks appears to have been refused by the trial court because of the fact that no such transaction

occurred and no such testimony was given, as is shown by the stenographer's record. The correctness of the court's conclusion does not appear to be combatted in any way.

Appellant also presents a bill of exceptions complaining of the fact that Mrs. Hicks called her brother over the telephone and that a party answered saying that his name was Jim Heavrin, and that said party repeated his name, and that she asked him what had happened over there and he said that "Bobbie and I have had a little fight and he thinks that he is hurt bad, but I don't think so;" that witness then hung up the receiver. Said bill reflects the fact that the witness testified that she was reasonably sure judging from the voice, that it was the defendant. There are no such facts set forth in this bill of exceptions as would let us know the surroundings or the connection in which this testimony was offered and admitted by the court. This bill of exceptions and likewise a number of others appearing in the record are open to the objection that the matters stated therein as grounds of objection on the part of appellant are in no way verified by the relation of the facts. Section 38, p. 557, of Vernon's C. C. P., cites many authorities supporting the proposition that the approval of a judge does not amount to a verification of the existence of the facts stated by appellant as grounds of objection. What we have just said applies to appellant's bills of exception Nos. 3, 4, 7, 8, and 10.

Appellant by his bill of exceptions No. 5 complains of the testimony of Dr. Bradstreet to the effect that one injured as was deceased would have shed more blood than was found upon the ground at a certain spot. As qualified by the trial court it appears that there was a contest over the fact as to whether deceased was cut at said spot or in the house, and that there was much blood in the house and only a small amount of blood outside at the spot testified to by the physician. We are unable to perceive any error in allowing the testimony.

We believe the testimony of Mrs. Hicks regarding the removal by her of the bed clothing and pillows from the room in which the cutting occurred, and the fact that they were saturated with blood, and to the physical condition of deceased at that time, was competent. No facts appear in the bill from which we can learn the injurious effect of said testimony, or by which we may know it was incompetent. There is a qualification of the trial court to this bill of exceptions from which we would conclude that the testimony was material.

There is a bill of exceptions complaining of the cross-examination of Charley Heavrin with regard to a statement made by said witness which was contradictory of his testimony as given upon the trial of this case. Said witness gave testimony for the defense which, if true, was exceedingly material. The statement made by said witness about which he was cross-examined, and which statement was offered in evidence, materially contradicted the testimony of the witness as given upon the trial. We think it not a valid objection to the cross-

examination that the contradictory statements asked about, were made by said witness out of the presence and hearing of the appellant. The purpose and effect of this testimony was properly limited by the court in his charge.

There are bills of exception in the record complaining of the action of the State's attorney in holding before the jury a written statement purporting to have been made by the witness Charley Heavrin, and it appears that objections were made by appellant to the argument of said State's attorney upon the ground that he was referring to the contents of said statement of Heavrin in a manner not justified thereby. The trial court refused this bill as originally presented to him and prepared and filed one of his own. The court's bill of exceptions presents nothing from which we can infer any error or that discloses any injury to the appellant.

There appears also another bill of exceptions in the record containing the statement that the State's attorney argued to the jury the contents of the written statement made by Charley Heavrin as original evidence, when in fact said contents were used only for the purpose of impeachment. This bill of exceptions is refused by the court and such refusal appears to have been acceptable and appellant now makes no further contention regarding the matter.

The court refused a special charge to the effect that appellant had a right to go to the home of deceased on the morning of December 5, 1921. In the bill of exceptions complaining of the refusal of this special charge no reasons are set forth why same should have been given, and none are known to this court. A charge that if it reasonably appeared to appellant from the circumstances as viewed from his standpoint that deceased was about to shoot or inflict serious bodily harm upon him, that he had the right to cut the deceased, appears to have been covered by substantially the same matter in a paragraph of the main charge.

We are of opinion that that part of the court's main charge in which he limited the effect and purpose of the introduction of the statement made by the witness Charley Heavrin, is not open to the objection that it was upon the weight of the testimony. Said limitation appears to be in about the usual form for a charge upon that subject.

This disposes of the contentions made on behalf of the appellant, and finding no error calling for a reversal of the case, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

November 8, 1922.

HAWKINS, JUDGE.—No new matters are presented in the motion for rehearing, but our attention is called to certain bills of exception

in the record and the correctness of our disposition of the points presented is questioned. We have again carefully examined the bills, and in the light of the trial judge's explanation together with the entire record before us, we are confirmed in the view that proper disposition was made of them in our former opinion. Relative to the refusal of the special charge to the effect that defendant had a right to go to the home of deceased on the morning of the homicide, we have examined the court's charge and find no limitation therein on accused's right of self-defense because of his presence at the home of deceased, or for any other reason. This court uniformly has held that no necessity arises for a charge on the right of accused to arm himself where no restriction is placed upon his right of self-defense, and the special charge refused in the present case seems to present an analogous question.

The motion for rehearing is overruled.

*Overruled.*